DELANO et al. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit.   January 5, 1915.)

No. 2148.

MASTER AND SERVANT ⟨key⟩13—HOURS OF SERVICE ACT—CONSTRUCTION.

A railroad company is not relieved from liability for violation of Hours of Service Act March 4, 1907, c. 2939, § 2, 34 Stat. 1416 (Comp. St. 1913, § 8678), by requiring a train dispatcher in a night and day office to remain on duty for more than 9 hours in each 24-hour period, by the fact that during a part of such time he is employed otherwise than as train dispatcher.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. ⟨key⟩13.

Hours of service of employés, see note to United States v. Houston Belt & G. Ry. Co., 125 C. C. A. 485.]

In Error to the District Court of the United States for the Southern Division of the Southern District of Illinois; J. Otis Humphrey, Judge.

Action by the United States against Frederick A. Delano, William K. Bixby, and Edward B. Pryor, receivers of the Wabash Railroad Company, to recover penalties. Judgment for the United States, and defendants bring error. Affirmed.

J. L. Minnis and N. S. Brown, both of St. Louis, Mo., and R. H. McAnulty, Walter McC. Allen, and Otis Scott Humphrey, all of Springfield, Ill., for plaintiffs in error.

Edward C. Knotts, of Carlinville, Ill., for the United States.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Plaintiffs in error, defendants below, were adjudged to have violated the Hours of Service Act. 34 Stat. L. 1415.

Plaintiff declared that defendants were engaged in operating a railroad in interstate commerce, and that they required a telegrapher, who was employed by them in a day and night station to receive and deliver orders affecting train movements, to be on duty 11 hours and 30 minutes during each 24-hour period.

In a special plea defendants admitted all the averments of the declaration except the one respecting the service of the operator. Concerning that, they alleged that he performed the duties of a train dispatcher during the first six hours of his service and that during the remaining five hours and a half he was set at other duties that did not pertain to or affect the movements of trains.

A demurrer to the plea was sustained; defendants declined to plead further; and judgment followed.

Section 1 enacts that:

"The term 'employees' as used in this act shall be held to mean persons actually engaged in or connected with the movement of any train."

By exclusion or omission ticket sellers and inspectors or repairers of telegraph lines and apparatus are not within the statute. If our

train dispatchers, defendants inquire, may lawfully be employed, after we relieve them from train dispatching, by the Majestic Theater to sell tickets or by the Western Union to inspect and repair telegraph lines and apparatus, why may not we also lawfully employ them in like capacities?

An answer requires an examination of section 2, which is as follows:

"Sec. 2. That it shall be unlawful for any common carrier, its officers or agents, subject to this act to require or permit any employé subject to this act to be or remain on duty for a longer period than sixteen consecutive hours, and whenever any such employé of such common carrier shall have been continuously on duty for sixteen hours he shall be relieved and not required or permitted again to go on duty until he has had at least ten consecutive hours off duty; and no such employé who has been on duty sixteen hours in the aggregate in any twenty-four hour period shall be required or permitted to continue or again go on duty without having had at least eight consecutive hours off duty: Provided, that no operator, train dispatcher, or other employé who by the use of the telegraph or telephone dispatches, reports, transmits, receives, or delivers orders pertaining to or affecting train movements shall be required or permitted to be or remain on duty for a longer period than nine hours in any twenty-four-hour period in all towers, offices, places, and stations continuously operated night and day."

To protect the lives of employés and of the traveling public against accidents due to loss of efficiency from overwork was the purpose of limiting the hours of service. Actions for violations are civil; and the statute, in view of its purpose, should be liberally construed to accomplish the intended cure. U. S. v. Great N. Ry. Co. (at this session) 220 Fed. 630, 136 C. C. A. 238, and cases cited.

Defendants admit that the employé involved in this case was engaged and used by them as a train dispatcher. Therefore he was within the class defined in section 1. But in protecting him under section 2 Congress stated no class of duties in which he might be overworked by defendants and so rendered inefficient as a train dispatcher. To justify defendants' claim, the statute should read that:

"No train dispatcher shall be required or permitted to be on duty as a train dispatcher for a longer period than nine hours in any twenty-four-hour period, but after he has been relieved as a train dispatcher the carrier may require him to serve as a ticket seller, provided he be given eight consecutive hours off duty."

That, however, is not the way the statute was written. An adoption of defendants' revision would be not only contrary to recognized canons of statutory construction, but also destructive of the intended cure of a recognized evil. It is a matter of common knowledge (attested by the carriers' petitions to the Interstate Commerce Commission immediately after the passage of the act for time in which to secure additional shifts of train dispatchers) that prior to the act carriers were having 24-hours work divided between two shifts, and that at most of the stations the train dispatchers acted also as ticket sellers or in other capacities. If 12 hours of mixed work as train dispatcher and ticket seller is forbidden, it would be simply an evasion to require 6 consecutive hours of duty as a train dispatcher to be followed by 6 consecutive hours of duty as a ticket seller. The evil to be

cured did not come from the employés' selling tickets or doing work for other people when off duty, but from the power of the carriers, customarily exercised, to require their employés who were concerned with train movements to do extra and overtime work.

Our conclusion is supported, we believe, by the decisions in Baltimore & Ohio R. Co. v. Interstate Commerce Commission, 221 U. S. 612, 31 Sup. Ct. 621, 55 L. Ed. 878; Missouri, K. & T. R. Co. v. United States, 231 U. S. 112, 34 Sup. Ct. 26, 58 L. Ed. 144; United States v. Great N. R. Co. (D. C.) 206 Fed. 838; San Pedro, L. A. & S. L. R. Co. v. United States, 213 Fed. 326, 130 C. C. A. 28. And it accords with the contemporaneous construction put upon the act by the administrative officers (In re Georgia Southern & F. R. Co., 13 Interst. Com. Com'n R. 134; In re Various Carriers, 13 Interst. Com. Com'n R. 142; Instructions to Carriers for Reporting Hours of Service, March 16, 1908), whose interpretation is entitled to great weight and should not be overturned without clear and cogent reasons (United States v. Moore, 95 U. S. 763, 24 L. Ed. 588; Heath v. Wallace, 138 U. S. 582, 11 Sup. Ct. 380, 34 L. Ed. 1063; United States v. Trans-Missouri Freight Ass'n, 166 U. S. 290, 370, 17 Sup. Ct. 540, 41 L. Ed. 1007).

The judgment is affirmed.