### OREGON-WASHINGTON R. & NAV. CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 26, 1915.)

#### No. 2470.

MASTER AND SERVANT ☞13—HOURS OF SERVICE—STATUTORY PROVISIONS.

Act March 4, 1907, c. 2939, § 2, 34 Stat. 1416 (Comp. St. 1913, § 8678), provides that no railroad telegraph or telephone operator shall be permitted to remain on duty more than 9 hours in any 24-hour period at stations continuously operated night and day, and section 3 provides that, in all prosecutions thereunder, the carrier shall be deemed to have had knowledge of all acts of all its officers and agents. A carrier discharged one of its three operators at a station operated continuously, and after

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

making inquiries to obtain an additional operator, instructed the station agent to work three hours a day as agent, and six hours as telegraph operator, and that he should not work in excess of nine hours. The agent found himself required by the exigencies of the situation to work 12 hours a day as agent in addition to 5 hours as operator. *Held*, a violation of the statute, as such agent was within the prohibition of the statute, and under the circumstances it was not a harsh application of the statute, and under the circumstances it was not a harsh application of the statute, and to hold that the company had knowledge of all the acts of all its officers and agents, especially as it would seem that it was charged with actual notice of the agent's excessive service.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. ☜13.

Hours of service of employés, see note to United States v. Houston Belt & Terminal Ry. Co., 125 C. C. A. 485.]

In Error to the District Court of the United States for the Northern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

Action for statutory penalties by the United States against the Oregon-Washington Railroad & Navigation Company. Judgment for plaintiff (213 Fed. 688), and defendant brings error. Affirmed.

Arthur C. Spencer, of Portland, Or., Hamblen & Gilbert, of Spokane, Wash, and Charles E. Cochran, of Portland, Or., for plaintiff in error.

Francis A. Garrecht, U. S. Atty., of Spokane, Wash., and Philip J. Doherty, Sp. Asst. U. S. Atty., of Washington, D. C.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge. This is an action on the part of the United States to recover from the Oregon-Washington Railroad & Navigation Company 10 penalties of $100 each, for violations of the act of Congress, entitled, "An act to promote the safety of employés and travelers upon railroads by limiting the hours of service of employés thereon," approved March 4, 1907 (34 Stat. p. 1415). It is admitted that the Railroad Company is and was at the times mentioned in the complaint a common carrier organized and doing business under the laws of the state of Oregon and having an office and place of business at Wallula in the state of Washington, and that it was during said times engaged in interstate commerce. The complaint contains 10 counts, alleging excess of service of one Longabaugh at the office and station of the Railroad Company at Wallula, in the state of Washington. This station was continuously operated night and day, and the excess of service rendered by Longabaugh was for a period of 10 days, from April 21, to April 30, 1913, both days inclusive, and consisted in being on duty at the station from 7 a. m. to 7 p. m. as agent, and from 7 p. m. until midnight as telegraph operator. The circumstances under which the services were rendered, as appears by the admitted and stipulated facts, arose out of the fact that it became necessary for the railroad company to discharge one of its telegraph operators and employés at Wallula, leaving two telegraph operators for the performance of the duties of telegraphing at said station during

such time. The railroad company inquired at various places likely to enable it to obtain an additional operator, to wit, at Portland, Or., The Dalles, Pendleton, La Grande, Walla Walla and Spokane in the state of Washington, and elsewhere; but was unable to obtain the services of an operator during such time. The Railroad Company thereupon directed Longabaugh to work 3 hours as station agent and 6 hours as telegraph operator, making a total of nine hours in each 24-hour period; but it is admitted that Longabaugh, without the knowledge of the plaintiff in error or any of its officers or agents, erroneously construed such directions as to his work, and did work 12 hours as a station agent and 6 hours as an operator, making a total of 18 hours in each 24-hour period, from the 21st day of April, to the 30th day of April, 1913. There appears to be an error in the statement that Longabaugh was on duty 6 hours as a telegraph operator in each period of 24 hours. The hours mentioned for this duty were from 7 p. m. until 12 midnight, or a period of five hours. It is admitted that on April 30, 1913, the excessive service of Longabaugh was discovered by and known to the plaintiff in error, when the work of Longabaugh immediately ceased and was caused to be discontinued by the direction of the plaintiff in error and its officers and agents. It is stipulated:

"That on, said 21st day of April, 1913, and before he had performed any excess service, the said Longabaugh was instructed by his superior officer not to work in excess of 9 hours in any 24-hour period, either as agent or operator, or in both capacities; that the said Longabaugh remained on duty longer than 9 hours, as aforesaid, in violation of said instruction, and without actual knowledge of the superior officers of said Longabaugh."

A jury was waived, and the case submitted to the court for judgment. The court thereupon entered judgment in favor of the government for the sum of $100 upon each count of the complaint, aggregating $1,000 in all, together with costs and disbursements. United States v. O.-W. R. R. & Nav. Co. (D. C.) 213 Fed. 688. The case is here upon writ of error.

It is provided in section 2 of the "act to promote the safety of employés and travelers upon railroads by limiting the hours of service * * * thereon" (34 Stat. 1415) that:

"No operator, train dispatcher, or other employé who by the use of the telegraph or telephone dispatches, reports, transmits, receives, or delivers orders pertaining to or affecting train movements shall be required or permitted to be or remain on duty for a longer period than nine hours in any twenty-four-hour period in all towers, offices, places, and stations continuously operated night and day."

Section 3 of the act provides that:

"In all prosecutions under this act the common carrier shall be deemed to have had knowledge of all acts of all its officers and agents."

The station at Wallula was continuously operated night and day. Longabaugh was an employé at that station whose duties as operator and otherwise were therefore limited by the statute to 9 hours in any 24-hour period. His period of duty for 10 days was 17 hours in each period of 24 hours, but it is admitted that he was not required by his employer to be on duty for more than 9 hours in any period of 24 hours. Was he permitted to be on duty in excess of that time?

This question was submitted to the trial court as a question of law upon the facts stated; and it was held that, as section 3 of the act provided that in all prosecutions under the act the common carrier "shall be deemed to have had knowledge of all acts of all its officers and agents," it followed that the Railroad Company had constructive knowledge and permitted Longabaugh to render the excessive service.

The case would seem to be a hard one for the application of the strict letter of the statute, but for the fact that the Railroad Company admits in its answer that during Longabaugh's excessive service it was short-handed at the station where he was employed. A telegraph operator had been discharged, leaving only two telegraph operators for the performance of the duties of telegraphing at this station. Manifestly two telegraph operators on duty for 9 hours each in a period of 24 hours could not perform the duties for the whole of that period without violating the statute. It is accordingly alleged by the Railroad Company in its answer that it inquired at various places likely to enable it to obtain an additional operator, but was unable to secure the services of an operator during that time. Thereupon it directed Longabaugh to work three hours as a station agent and six hours as a telegraph operator. These instructions were followed by Longabaugh in the performance of the duty of telegraph operator, except that he was on duty 5 hours as telegraph operator instead of 6, which, with the 9 hours' duty of each of the other two operators, made up 23 hours in the 24-hour period for the telegraph operators. How the remaining hour of the telegraph operators was supplied does not appear. The duty of station agent does not appear to have been fully provided for either, and Longabaugh evidently found himself required by the exigencies of the situation to perform the duties of station agent for a period of 12 hours, from 7 in the morning until 7 in the evening, instead of for a period of 3 hours, as directed by his superior officer. It will be observed that the prohibition of the statute is not limited to employés performing the duties of operators or train dispatchers only, but includes any "other employé who by the use of the telegraph or telephone dispatches, reports, transmits, receives, or delivers orders pertaining to or affecting train movements." Longabaugh was such an employé, and his duty was specifically and positively limited to 9 hours service in any 24-hour period. But it is contended that the Railroad Company is excused from liability for Longabaugh's excessive service because, as stated in the stipulation, he—

"was instructed by his superior officer not to work in excess of nine hours in any twenty-four hour period either as agent or operator or in both capacities."

But this stipulation is qualified by the admitted fact that one of the telegraph operators at the station where Longabaugh was employed was discharged, leaving only two telegraph operators at the station for the performance of the duties of moving the trains. The Railroad Company undertook to secure some one to supply the place of the discharged operator and failed, and then proceded to arrange the hours of those on duty to cover the service of the discharged employé, and in doing so assigned Longabaugh to three hours service as station agent and six hours as telegraph operator. In other words, the Railroad

Company abandoned the effort, for the time being at least, to provide the full force of employés required at the station, leaving the station short-handed in the service of both station agent and telegraph operator, and Longabaugh found himself compelled to serve 12 hours as station agent, instead of 3 as directed, or close that office for the greater part of the day. In this situation we do not think it is a very harsh application of the letter of the statute to hold that the Railroad Company had knowledge of all of the acts of all its officers and agents with respect to the excessive employment of Longabaugh. It seems to us that upon the admitted facts the Railroad Company was charged with actual notice of Longabaugh's excessive service, notwithstanding the stipulation.

The judgment of the court below is affirmed.