The UNITED STATES of America, Plaintiff,

v.

NORTHERN PACIFIC RAILWAY COMPANY, Defendant.

Civ. No. 5-61-82.

United States District Court
D. Minnesota,
Fifth Division.

Oct. 7, 1963.

Miles W. Lord, U. S. Atty., Sidney P. Abramson, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

H. K. Bradford, Jr., St. Paul, Minn., for defendant.

DONOVAN, District Judge.

This matter comes before the Court on a motion by plaintiff for judgment in the amount of $500.00 based upon stipulation of the parties.

Plaintiff brings this action to recover a statutory penalty prescribed by the Hours of Service Act.[1] It has been stipulated by the parties that defendant required or permitted one of its employees, S. A. Agre, to work nine hours and five minutes as a switchman. He was then given six hours and fifty-five minutes off duty. He was called back to duty as assistant general yardmaster for a period of eight hours. This is a total of seventeen hours and five minutes in a twenty-four hour period. The stipulation of facts states that the work of an assistant yardmaster is not covered by the Hours of Service Act.

Plaintiff contends that if part of the work performed is covered by the act, then all the work is counted to determine violation. Defendant, on the other hand, claims that if the covered work precedes the noncovered work, then the noncovered work is not counted in the determination of violation.

The purpose of the Hours of Service Act is to promote the safety of passengers and employees of the railroads by making mandatory release from duty for a period sufficient to allow adequate rest for those engaged in the movement of trains.[2] Railroading is a business which is hazardous to employees. A tired worker creates an unnecessary risk to himself, his fellow workers and passengers of the railroad, as well as a potential danger to property. To help reduce these risks, the Hours of Service Act was passed. This act is civil rather than criminal and should be given broad construction in order that its purpose may be fulfilled.[3]

Defendant argues that its employee, S. A. Agre, was not engaged in the movement of trains during his employment as assistant general yardmaster. It claims that after his shift as assistant general yardmaster, S. A. Agre was given the required time off before returning to

1. 45 U.S.C. §§ 61–64.

2. Atchison, T. & S. F. Ry. Co. v. United States, 244 U.S. 336, 37 S.Ct. 635, 61 L. Ed. 1175.

3. San Pedro, L. A. & S. L. R. Co. v. United States, 8 Cir., 213 F. 326.

work as a switchman. Defendant also claims that S. A. Agre could have worked for another employer without question of violation and that many railroad employees are regularly employed by others.

 These arguments have been presented to the court before and have been rejected.[4] The Eighth Circuit in the San Pedro case[5] specifically rejected the argument that if the covered work preceded the noncovered work, then the noncovered work should be excluded for the purpose of determining violation of the Hours of Service Act. With one exception, the cases interpreting the act date back to the early 1900's, shortly after the act was passed. Since then there has been a lack of reported cases.

 Defendant cites the case of United States v. Atlantic Coast Line R. Co.,[6] a case decided in 1946 in the Southern District of Florida. That case is not controlling here. The law set down by the court in the San Pedro case[7] has not been changed. The policy behind the Hours of Service Act is best served by including all work performed for the railroad by its employees in determining violation. This law was enacted to prevent patterns of employment which would cause fatigue among employees who participate in the movement of trains. Shifting of duties should not be a method of circumventing the law. An employee will not feel more rested because part of his employment involved duties not connected with the movement of trains.

The fact that employees of the railroad could work for another employer is not relevant. The act is merely designed to limit the right of the railroad to require that its employees work overtime. There is no attempt to control the activities of the employees with regard to "moonlighting."

Plaintiff's motion for judgment is granted.

It is so ordered.

Plaintiff may submit findings of fact, conclusions of law, order for and form of judgment consistent with the foregoing.

Defendant is allowed an exception.

---

4. Oregon Short Line R. Co. v. United States, 9 Cir., 234 F. 584; Delano v. United States, 7 Cir., 220 F. 635; San Pedro, L. A. & S. L. R. Co. v. United States, supra note 3; Great Northern Ry. Co. v. United States, 9 Cir., 211 F. 309; United States v. Great Northern Ry. Co., D.C.N.D.Idaho, 206 F. 838.

5. Note 3 supra.

6. United States v. Atlantic Coast Line R. Co., D.C.S.D.Fla., 68 F.Supp. 941.

7. San Pedro, L. A. & S. L. R. Co. v. United States, supra note 3.