The **UNITED STATES of America,**
**Plaintiff,**

v.

**GREAT NORTHERN RAILWAY COMPANY, Defendant.**

No. 4–63 Civ. 336.

United States District Court
D. Minnesota,
Fourth Division.

Aug. 17, 1964.

Miles W. Lord, U. S. Atty., and Patrick J. Foley, Asst. U. S. Atty., Minneapolis, Minn., and Richard C. Davis, Atty., Interstate Commerce Commission, Washington, D. C., for plaintiff.

James R. Walker, St. Paul, Minn., for defendant.

NORDBYE, District Judge.

The case consists of two causes of action based upon the charge that two of defendant's employees were required to be on duty for a period longer than nine hours out of twenty-four in violation of 45 U.S.C. § 62, which reads,

"It shall be unlawful for any common carrier, its officers, or agents, subject to sections 61–64 of this title to require or permit any employees subject to said sections to be or re-

main on duty for a longer period than sixteen consecutive hours, and whenever any such employee of such common carrier shall have been continuously on duty for sixteen hours he shall be relieved and not required or permitted again to go on duty until he has had at least ten consecutive hours off duty; and no such employee who has been on duty sixteen hours in the aggregate in any twenty-four-hour period shall be required or permitted to continue or again go on duty without having had at least eight consecutive hours off duty; *Provided, That no operator, train dispatcher, or other employee who by the use of the telegraph or telephone dispatches, reports, transmits, receives, or delivers orders pertaining to or affecting train movements shall be required or permitted to be or remain on duty for a longer period than nine hours in any twenty-four-hour period in all towers, offices, places, and stations continuously operated night and day, nor for a longer period than thirteen hours in all towers, offices, places, and stations operated only during the daytime, except in case of emergency, when the employees named in this proviso may be permitted to be and remain on duty for four additional hours in a twenty-four-hour period on not exceeding three days in any week:* * * *."* (Emphasis added)

The essential facts set out in the stipulation are as follows:

"4. Defendant on October 7 and 8, 1962, was a common carrier engaged in interstate commerce by railroad in the State of Minnesota.

"5. On October 7, 1962, at defendant's office and station at Willmar, Minnesota, defendant's dispatcher and employee W. C. Lierman, was required to be on continuous duty from the hour of 4:00 o'clock p. m., until the hour of 12.00 o'clock midnight on said date.

"6. The defendant's office and station at Willmar, Minnesota, is one continuously operated twenty-four hours a day and was so operated on October 7 and 8, 1962.

"7. Defendant's dispatcher and employee, W. C. Lierman, while on duty on October 7, 1962, at defendant's office and station at Willmar, Minnesota, by the use of the telegraph or telephone, dispatched, reported, transmitted, received and delivered orders pertaining to and affecting the movement of trains engaged in interstate commerce.

"8. On October 8, 1962, defendant's employee, W. C. Lierman, at defendant's office and station at DeGraff, Minnesota, was permitted to assume the duties of telegrapher-agent from the hour of 8:00 o'clock, a. m., to the hour of noon and then from the hour of 1:00 o'clock, p. m., to the hour of 5:00 o'clock, p. m., on said date.

"9. The defendant's office and station at DeGraff, Minnesota, is operated from the hour of 8:00 o'clock, a. m., until the hour of noon and then from the hour of 1:00 o'clock, p. m., to the hour of 5:00 o'clock, p. m., and was so operated on October 8, 1962.

"10. On October 8, 1962, defendant's employee, W. C. Lierman, in his employment at DeGraff, Minnesota, aforesaid, was resuming and thereafter retained his regular assignment as a telegrapher-agent, to which he was entitled under the governing collective bargaining agreement.

"11. Defendant's office and station at DeGraff is not a station at which employees, by the use of telegraph or telephone, dispatch, report, transmit or deliver orders pertaining to or affecting train movements; further, that at no subsequent time material hereto did W. C. Lierman engage in employment which involved the handling of train orders.

"12. During the twenty-four hour period beginning at the hour of 4:00 o'clock p. m., on October 7, 1962,

defendant's employee, W. C. Lierman, was permitted to be on duty for fifteen hours in the aggregate.

"13. On October 7, 1962, at defendant's office and station at Lyndale Junction, Minneapolis, Minnesota, defendant's employee, Arnold H. Nennig, was required to be on duty as a telegraph operator from the hour of 3:00 o'clock p. m. to the hour of 11:00 o'clock p. m. on said date.

"14. The defendant's office and station at Lyndale Junction, Minneapolis, Minnesota, is one continuously operated twenty-four hours a day and was so operated on October 7 and 8, 1962.

"15. Defendant's telegraph operator and employee, Arnold H. Nennig, while on duty on October 7, 1962, at defendant's office and station at Lyndale Junction aforesaid, by the use of the telegraph or telephone, dispatched, reported, transmitted, received, and delivered orders pertaining to and affecting the movement, of trains engaged in interstate commerce.

"16. On October 8, 1962, defendant's employee, Arnold H. Nennig, at defendant's office and station at Norcross, Minnesota, was permitted to be on duty as telegrapher-agent from the hour of 8:00 o'clock a. m. to the hour of noon and then from the hour of 1:00 o'clock p. m. to the hour of 5:00 o'clock p. m. on said date.

"17. The defendant's office and station at Norcross, Minnesota, is operated from the hour of 8:00 o'clock a. m. until noon and then from the hour of 1:00 o'clock p. m. until the hour of 5:00 o'clock p. m. and was so operated on October 8, 1962.

"18. On October 8, 1962, defendant's employee, Arnold H. Nennig, in his employment at Norcross, Minnesota, aforesaid was assuming new duties to which he was entitled under the governing collective bargaining agreement and he thereafter retained that position.

"19. Defendant's office and station at Norcross, Minnesota, on October 8, 1962, was not and is not a station at which employees, by the use of telegraph or telephone, dispatch, report, transmit or deliver orders pertaining to or affecting train movements; further, that at no subsequent time material hereto did Arnold H. Nennig engage in employment which required the handling of train orders.

"20. During the twenty-four hour period beginning at the hour of 3:00 o'clock p. m. on October 7, 1962, defendant's employee, Arnold H. Nennig, was permitted to be on duty for fourteen hours in the aggregate."

Obviously, the construction of the statute involved must be determined in light of the particular facts related above. The issue presented is whether the nine hour restriction of the statute requires the inclusion of both time spent at the handling of train orders (covered work) and subsequent time spent at non-covered work, when the latter duties replace the former and that at no immediate subsequent time was the employee shifted back to employment requiring the handling of train orders. In other words, when employees regularly engaged in covered work are transferred to regular employment at non-covered work, must the railroad hold them out of work a day to avoid a conflict with the nine hour restriction of the Act? The Court agrees with the defendant that such would be an unreasonable construction of the Act.

The purpose of the Hours of Service Act was to reduce the dangers to the public incident to the strain of excessive hours spent on duty by employees of the class covered. Baltimore & Ohio R. R. Co. v. Interstate Commerce Commission, 221 U.S. 612, 31 S.Ct. 621, 55 L.Ed. 878 (1910). All railroad employees engaged in the transportation of passengers or property in interstate commerce are restricted to a maximum of sixteen

hours on duty in a twenty-four hour period. This regulation is tightened in the case of employees carrying out the exacting work of handling orders affecting train movements. Congress obviously felt that an employee working more than nine hours a day at such duties would suffer a loss of efficiency which might be dangerous to fellow employees and the public.

The Government has cited several cases which are distinguishable. In Oregon-Washington R. & Nav. Co. v. United States, 223 F. 596 (9 Cir. 1915), a railroad employee worked seventeen hours a day for ten consecutive days, twelve hours as station agent followed by five hours telegraphing train orders. The court found a violation of the statute, but the case differs from the instant situation on two important points. First, the employee began his tasks as telegrapher having already worked well in excess of nine hours out of the last twenty-four. His efficiency as a telegrapher may well have been lowered by the prior work. Second, the situation occurred repeatedly over a ten day period.

Delano v. United States, 220 F. 635 (7 Cir. 1915); United States v. Oregon Short Line R. Co., 228 F. 561 (D.Idaho 1915), aff'd 234 F. 584 (9 Cir. 1916) and United States v. Northern Pacific Ry. Co., 224 F.Supp. 303 (D.Minn.1963), are closer to the situation at hand in that the covered employment, in each case, preceded the non-covered employment. The employees in these cases began work at duties dealing with train orders and later in the twenty-four hour period were moved to duties not covered by the nine hour restriction. However, there are indications in each case that this situation occurred on successive days. Thus it was that Judge Donovan, speaking for this court in Northern Pacific, said, p. 305, 224 F.Supp.,

"This law was enacted to prevent *patterns* of employment which would cause fatigue among employees who participate in the movement of trains. *Shifting of duties* should not be a method of circumventing the law."

The Court adheres to the decision in United States v. Atlantic Coast Line R. Co., 68 F.Supp. 941 (S.D.Fla.1946). There, the railroad employee involved substituted for a fellow employee on an eight hour shift at duties covered by the nine hour restriction. After completing that assignment he returned to his regular shift for eight hours. He thus worked sixteen hours in the twenty-four hour period but, as his regular shift did not involve duties pertaining to train movements, the court found no violation of the Act.

Here, there is no evidence that either employee worked with train orders at a time when he had already been on duty, in any capacity, in excess of nine hours in the past twenty-four. Further, as the employees did not return to duties dealing with train movements at any time material to the case, there is no evidence of any "pattern" of the "shifting of duties" as "a method of circumventing the law." Finally, there is no evidence that either employee was required to work, in any capacity, more than sixteen hours in the twenty-four hour period. To find a violation of the Act in such a situation would only penalize the employee without a concomitant benefit to his fellow employees or to the public.

The above may be considered as the Court's findings of fact, and as conclusions of law the Court finds that plaintiff is not entitled to recover in this proceeding and that judgment be entered in favor of the defendant. It is so ordered. An exception is allowed.