# CHICAGO & ALTON RAILROAD COMPANY *v.* UNITED STATES.

## CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SEVENTH CIRCUIT.

No. 640. Submitted April 18, 1918.—Decided May 20, 1918.

A switch tender on duty in switch shanties, within a railroad yard, which are continuously operated day and night, and where by use of the telephone he receives and delivers orders from the yard master to engine and train crews pertaining to train movements through the yard, is within the class described in proviso of § 2 of the Hours of Service Act, whose service is thereby limited to nine hours in twenty-four.

244 Fed. Rep. 945, affirmed.

THE case is stated in the opinion.

*Mr. William L. Patton* and *Mr. Silas H. Strawn* for petitioner.

*Mr. Assistant Attorney General Frierson* for the United States.

MR. JUSTICE McREYNOLDS delivered the opinion of the court.

Following its decisions in *Chicago, Rock Island & Pacific Ry. Co.* v. *United States*, and *Chicago & Northwestern Ry. Co.* v. *United States*, 226 Fed. Rep. 27, 30, the Circuit Court of Appeals affirmed a judgment of the District Court against petitioner for one hundred dollars, penalty for violating the Hours of Service Act (c. 2939, 34 Stat. 1415) by permitting a switch tender to remain on duty more than nine hours.

Section 2 of the act declares it unlawful for any interstate carrier by railroad to require or permit an employee "actually engaged in or connected with the movement of any train" to remain on duty longer than sixteen consecutive hours: "*Provided,* That no operator, train dispatcher, or other employee who by the use of the telegraph or telephone dispatches, reports, transmits, receives, or delivers orders pertaining to or affecting train movements shall be required or permitted to be or remain on duty for a longer period than nine hours in any twenty-four-hour period in all towers, offices, places, and stations continuously operated night and day, nor for a longer period than thirteen hours in all towers, offices, places, and stations operated only during the daytime, except in case of emergency, when the employees named in this proviso may be permitted to be and remain on duty for four additional hours in a twenty-four-hour period on not exceeding three days in any week."

The cause was tried upon an agreed statement of facts, a jury being waived.

Petitioner's "Yard" at Bloomington, Illinois, is seven and three fourths miles long. During April, 1915, it maintained therein three switch shanties located upon its double track main line, one five hundred feet, another eleven hundred feet and the third a mile north of its passenger station. Trains operated over this portion of the line are under control of the Yard Master and subject to a rule which provides, "all trains will reduce speed on passing through yard limits and proceed only after the way is seen or known to be clear." Each of these shanties was continuously operated night and day by two men, alternately on duty therein for twelve hours during every twenty-four.

"All of the work regularly and generally required of said employees, as well as that required on the days mentioned in said declaration, was in connection with the

use of certain switches and telephones, which said work pertained to and affected the movements of trains of defendant engaged in interstate commerce. Each of said shanties was equipped with a telephone, all three being on the same circuit, and connected with the Yard Master's Office." At the first shanty eight switches were handled; at the second twelve and two sets of cross-overs; at the third eight switches for south bound trains and a cross-over one. "The work of these employees is to throw switches, relieve yard, train and engine crews of this work, and to avoid delays to trains moving through the yard. The telephones are used to permit the Yard Master, who directs all yard movements, to keep in closer touch with such movements and to issue instructions or orders to yard, train or engine crews as to the handling of cars or trains, or as to any other work that he may desire performed." "The telephones at the three places were installed principally for the purpose of making more convenient communication between the Yard Master's Office and said shanties."

"All instructions or orders received from the Yard Master, as above set forth, were always transmitted by said employees to the engine or trains crews, either verbally or by hand signals, and in no case were said employees required to write out said instructions or orders for transmission to these crews." "None of the service required of any of said employees on the days mentioned in said declaration was necessitated by reason of any emergency. They were the regular assigned hours of said employees, fixed in that manner by defendant's operating department which acted under instructions received from its legal department."

The purpose of the statute is to promote safety in operating trains by preventing the excessive mental and physical strain which usually results from remaining too long at an exacting task. *Baltimore & Ohio R. R. Co.* v.

*Interstate Commerce Commission,* 221 U. S. 612, 619. It must be construed and applied in view of that purpose and well known circumstances attending the practical operation of trains.

The individuals within the ambit of the proviso's pertinent provisions are marked by the nature of service performed—an "operator, train dispatcher, or other employee who by the use of the telegraph or telephone dispatches, reports, transmits, receives, or delivers orders pertaining to or affecting train movements." And the railroad is forbidden to permit one performing such service in "towers, offices, places, and stations continuously operated night and day" to remain on duty therein longer than nine hours in twenty-four. Both the post of duty and character of work are essential elements. If, in due course of his work, an employee while in any of the locations specified uses the telegraph or telephone for sending or receiving messages concerning train movements, he may not lawfully remain on duty therein exceeding nine hours during any twenty-four-hour period, except in case of emergency.

Here, the facts disclose the switch tender on duty for twelve consecutive hours in a shanty continuously operated night and day where, by the use of the telephone, he received and delivered orders pertaining to train movements—not mere switching movements within the yard; and in such service mental and physical alertness are of great importance. By permitting this the railroad violated both language and purpose of the act.

The judgment below is

*Affirmed.*