**UNITED STATES v. PENNSYLVANIA R. CO.**

Civ. A. No. 3264.

United States District Court
M. D. Pennsylvania.

Aug. 16, 1949.

Arthur A. Maguire, U. S. Atty, Scranton, Pa., Charles W. Kalp, Asst. U. S. Atty., Lewisburg, Pa., James O. Tolbert, Interstate Commerce Commission, Bureau of Safety, Washington, D. C., for plaintiff.

Nauman, Smith & Hurlock, Harrisburg, Pa., for defendant.

FOLLMER, District Judge.

This suit was instituted against the defendant under the Hours of Service Act, 45 U.S.C.A. §§ 61–64, alleging that it "required and permitted" five of its employees to remain on duty for a longer period than "sixteen consecutive hours" in the movement of its train "extra east drawn by its locomotive engine No. 1799" between East Altoona, Pennsylvania, and Troy, Pennsylvania. As to two employees, it is alleged the period was from 4:35 o'clock A.M. to 11:05 o'clock P.M., and as to the other three employees from 4:50 o'clock A.M. to 11:05 o'clock P.M. If a three hour "rest period" is included in "on duty", this is a consecutive period of 18 hours 30 minutes and 18 hours 15 minutes respectively; if not included, it would be 15 hours 30 minutes and 15 hours 15 minutes respectively.

### Findings of Fact

1. The engineer and fireman went on duty at East Altoona, Pennsylvania, at 4:35 o'clock A.M., on February 12, 1948.

2. The conductor and the two trainmen went on duty at East Altoona, Pennsylvania, at 4:50 o'clock A.M., on February 12, 1948.

3. The train was en route from East Altoona, Pennsylvania, to Southport, New York.

4. At Newberry, which is the designation of a part of the Williamsport, Pennsylvania, terminal yard, the crew was directed to pull in on a siding.

5. The crew was relieved at 2:10 o'clock P.M. and instructed to return to duty at 5:10 o'clock P.M.

6. The Company operated bunk room, containing twenty bunks, at Williamsport, Pennsylvania, is located about two and nine-tenths of a mile from Newberry.

7. The New York Central operates a restaurant located opposite the Newberry Yard Office and at a distance of about three to four city blocks from this particular train and siding.

8. There are numerous tourist homes available for rest periods within a half mile of Newberry, and one within three-tenths of a mile of the Newberry Yard Office with rooms available on that date, as well as a hotel about nine-tenths of a mile distant, also with rooms available.

9. The train included a caboose with a stove and five bunks equipped with hair mattresses.

## Conclusions of Law

1. The three hour respite from 2:10 o'clock P.M. to 5:10 o'clock P.M. was an off-duty period.

2. The crew was not on duty sixteen consecutive hours within the meaning of the statute.

## Discussion

The purpose of the statute[1] is to promote safety in operating trains by preventing the excessive mental and physical strain which usually results from remaining too long at an exacting task[2] and must be construed and applied in view of such purpose and circumstances attending the operation of trains.[3] Each case must, of course, be considered in the light of the particular circumstance involved. An indefinite lay off of three hours while the train crew was awaiting the arrival of an extra engine at a small way station[4] or while the engine was sent off for repairs, but with the crew under orders, liable to be called upon at any moment,[5] does not break the continuity of the service. On the other hand, the fact that an employee is absolutely relieved from service for a fixed period is not the sole controlling factor. If the time is too short[6] or the opportunities for rest insufficient,[7] it will not be considered as interrupting the continuity of a period of service under the statute. In the case now before us, however, there was an absolute release for a period of three hours under circumstances which, in my opinion, afforded ample opportunity for actual rest of sufficient duration as to constitute a substantial and real rest period which broke the continuity of their service. The crew was therefore not "on duty" for more than "sixteen consecutive hours."

I therefore find in favor of the defendant. Let judgment be entered accordingly.

[1] 45 U.S.C.A. §§ 61–64.

[2] Chicago & Alton Railroad Company v. United States, 247 U.S. 197, 38 S.Ct. 442, 62 L.Ed. 1066; Atchison, Topeka & Santa Fe Ry. Co. v. United States, 269 U.S. 266, 46 S.Ct. 109, 70 L.Ed. 268.

[3] United States v. Baltimore & O. R. Co., 4 Cir., 133 F.2d 831.

[4] United States v. Chicago, M. & P. S. Ry. Co., D.C.E.D.Wash., 197 F. 624; see also Southern Pac. Co. v. United States, 9 Cir., 222 F. 46, 51.

[5] Missouri, Kansas & Texas Railway Company of Texas v. United States, 231 U.S. 112, 119, 34 S.Ct. 26, 58 L.Ed. 144.

[6] United States v. Atchison, Topeka and Santa Fe Railway Company, 220 U. S. 37, 31 S.Ct. 362, 55 L.Ed. 361; Pennsylvania R. Co. v. United States, 3 Cir., 246 F. 881.

[7] Southern Pac. Co. v. United States, supra; Minneapolis & St. L. R. Co. v. United States, 8 Cir., 245 F. 60.