## MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS *v.* UNITED STATES.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 439.    Submitted October 24, 1913.—Decided November 10, 1913.

Under the Hours of Service Act of March 4, 1907, c. 2939, 34 Stat. 1415, when several employés are kept on duty beyond the specified time of sixteen hours, a separate penalty is incurred for the detention of each employé although by reason of the same delay of a train.

Each overworked railroad employé presents towards the public a distinct source of danger,

The wrongful act under the statute is not the delay of the train but the retention of the employé; and the principle that under one act having several consequences which the law seeks to prevent there is but one liability attached thereto does not apply.

An employé, who is waiting for the train to move and liable to be called and who is not permitted to go away, is on duty under the Hours of Service Act.

The penalty under the Hours of Service Act, not being in the nature of compensation to the employé but punitive and measured by the harm done, is to be determined by the judge and not by the jury.

THE facts, which involve the construction of the Hours of Service of Railway Employés Act, are stated in the opinion.

*Mr. Joseph M. Bryson, Mr. Cecil H. Smith, Mr. Alexander S. Coke, Mr. A. H. McKnight* for petitioners:

The Hours of Service Act imposes a penalty for each act of requiring or permitting employés to work overtime, whether one or more employés be involved, and not a penalty for each employé required or permitted to work beyond the hours prescribed.

While it is clear that a penalty can be recovered for each and every violation, what constitutes a violation is the question at issue.

While in *United States* v. *Chicago, M. & P. S. Ry. Co.,* 197 Fed. Rep. 624, and *United States* v. *Denver & R. G. Ry. Co.,* 197 Fed. Rep. 629, the trial court imposed a penalty for each member of a train crew, in none of them was the question of the right to impose a penalty for each employé discussed.

In *B. & O. S. W. R. R. Co.* v. *United States,* 220 U. S. 94, reversing 159 Fed. Rep. 33, it was held that under the Cruelty Act a penalty was recoverable for each act of confinement beyond the statutory period.

For civil cases involving recovery of more than one penalty in state courts, see *M., K. & T. Ry. Co.* v. *State,* 97 S. W. Rep. 724; *Porter* v. *Dawson Bridge Co.,* 157 Pa. St. 367; *Railroad Co.* v. *Green,* 86 Pa. St. 427; *Hill* v. *Williams,* 14 Serg. & R. 287; *People* v. *Spencer,* 201 N. Y. 105; *S. C.,* 94 N. E. Rep. 614; *Sturgis* v. *Spofford,* 45 N. Y. 446; *Fisher* v. *N. Y. Cent. R. R. Co.,* 46 N. Y. 644; *Cox* v. *Paul,* 175 N. Y. 328; *Griffin* v. *Interurban S. R. Co.,* 72 N. E. Rep. 513; *State Board* v. *Bellinger,* 138 App. Div. 12; *Apothecaries Co.* v. *Jones,* L. R. 1893, 1 Q. B. 89; *Parks* v. *Railway Co.* (Tenn.), 13 Lea, 1; *Washburn* v. *McInroy,* 7 Johns. 134.

Cumulative penalties are not recoverable unless the legislative intent to impose them is clear. *State* v. *Wis. C. R. R. Co.,* 133 Wisconsin, 478.

As to the rule in criminal cases, see 12 Cyc. 289, 383; 25 Cyc. 61; 1 Bishop's New Crim. Law, §§ 793, 1061; Bishop on Stat. Crimes (2d ed.), § 1121, citing *People* v.

*Tinsdale,* 10 Abb. Pr. (N. S.) 374; *State* v. *Comfort,* 22 Minnesota, 271.

For cases in which the act, though involving two or more persons or things, was held to constitute a single offense, see *Crepps* v. *Durden,* Cowp. 640; *Regina* v. *Giddens,* 41 E. C. L. 344; *Clem* v. *State,* 42 Indiana, 420; *Hoiles* v. *United States,* 3 McArthur, 370; *United States* v. *Patty,* 2 Fed. Rep. 664; *United States* v. *Scott,* 74 Fed. Rep. 213; *Hurst* v. *State,* 86 Alabama, 604; *Ben* v. *State,* 22 Alabama, 9; *Westfall* v. *State,* 62 S. E. Rep. 558; *Peck* v. *State,* 111 S. W. Rep. 1019; *Scott* v. *State,* 81 S. W. Rep. 950; *State* v. *Warren,* 39 Am. St. Rep. 401; *State* v. *Nelson,* 29 Maine, 329; *Woodford* v. *People,* 62 N. Y. 117; *Gordon* v. *State,* 46 Oh. St. 607.

The working of five employés engaged on the same piece of work at one and the same time is but a single offense. *Muckenfuss* v. *State,* 55 Tex. Crim. 229; *State* v. *Hennessy,* 25 Oh. St. 339; *Smith* v. *State,* 59 Oh. St. 350; *State* v. *Egglesht,* 41 Iowa, 547; *Commonwealth* v. *Crowell* (Ky.), 60 S. W. Rep. 179; *State* v. *Batson,* 108 Louisiana, 479; *Ward* v. *State,* 90 Mississippi, 294; *State* v. *Douglas,* 26 Nevada, 196; *People* v. *Thomas,* 17 Wardell, 475; *State* v. *Clark,* 46 Oregon, 140; *Cornell* v. *State,* 104 Wisconsin, 527; *State* v. *Stevens,* 70 Atl. Rep. 1060.

A consideration of other acts of Congress leads to the same conclusion. Had it been intended that a penalty should be incurred for each employé, Congress would have clearly so provided, as it did in other statutes. See §§ 4, 5, of the Alien Immigration Act of March 3, 1903; § 2 of the Accidents Reports Act of May 6, 1910; § 20 of the Act to Regulate Commerce as amended June 24, 1906; § 6 of the Act to Regulate Commerce as amended June 18, 1910.

Cases arising under the Safety Appliance Acts holding that a penalty can be recovered for each car or each engine handled in violation of the statute are by the Circuit

Courts of Appeals and the District Courts, and this court has not passed upon the question. It may reach a different conclusion. See *United States* v. *Chi. G. W. Ry. Co.*, 162 Fed. Rep. 775.

A member of a train crew while not actually engaged in or having a duty to perform in connection with the movement of his train, his time being at his disposal, is off duty within the meaning of the Hours of Service Act.

The term "on duty" cannot be made plainer by discussion. *United States* v. *Denver & R. G. R. R. Co.*, 197 Fed. Rep. 629; *Atchison &c. Ry. Co.* v. *United States*, 177 Fed. Rep. 118; *S. C.*, 220 U. S. 37; but see *United States* v. *Chi., M. &c. R. Co.*, 197 Fed. Rep. 627.

Under the Federal eight-hour law for laborers, the meal hour is never treated as time on duty.

During periods of waiting brakemen are not actually engaged in the movement of the train nor are they connected with the movement thereof. *Atchison, T. & S. F. R. Co.* v. *United States*, 177 Fed. Rep. 118; *United States* v. *Illinois Central R. R. Co.*, 180 Fed. Rep. 630; *United States* v. *Chicago, M. & P. S. Ry. Co.*, 195 Fed. Rep. 183; *United States* v. *Kansas City So. R. Co.*, 189 Fed. Rep. 471; *United States* v. *Chicago, M. & P. S. Ry. Co.*, 197 Fed. Rep. 624; *United States* v. *D. & R. G. Ry. Co.*, 197 Fed. Rep. 629.

The failure of an injector, caused by impure water, where, owing to a protracted drouth, water cannot be procured that will not foam and thus cause injector failures, is an unavoidable accident within the meaning of the Hours of Service Act.

As to what is an unavoidable accident within the meaning of this proviso, see *United States* v. *Kansas City So. R. Co.*, 189 Fed. Rep. 471; *S. C.*, 202 Fed. Rep. 828.

Under the facts in these cases the delay was the result of a cause not known to the defendant or its officer or agent

in charge of the employés at the time they left the ter-
minal, and which could not have been foreseen.

Upon the request of either party the penalty to be as-
sessed in a case arising under the Hours of Service Act
should be submitted to the jury, even where the court
instructs a verdict for the Government.

Suits by the Government for penalties under the Hours
of Service Act are actions at law for debt, and, as such, are
civil suits. *Hepner* v. *United States*, 213 U. S. 103; *United
States* v. *Atlantic C. L. R. Co.*, 182 Fed. Rep. 285; *United
States* v. *St. Louis S. W. Ry. Co.*, 184 Fed. Rep. 32; *United
States* v. *Sioux City Stock Yards Co.*, 167 Fed. Rep. 126;
*United States* v. *Kansas City So. R. Co.*, 202 Fed. Rep.
828.

In a civil suit, where the damages or penalties are not
made certain and fixed by the terms of a contract or stat-
ute, the court, upon request, should submit to the jury
the question of assessing the damages or penalties. *Renner*
v. *Marshall*, 1 Wheat. 215; *Aurora* v. *West*, 7 Wall. 104;
*Armstrong* v. *Carson*, 2 Dall. 302; *Kenyon* v. *Gilmer*, 131
U. S. 22; *Hines* v. *Darling*, 57 N. W. Rep. 1081; *McDaniel*
v. *Gate City Gas Light Co.*, 3 S. E. Rep. 693.

In a consolidated cause, involving two suits of five
counts each, where in any event but one penalty can be
recovered in each case, it is plain error for the court to
instruct the jury to find against defendant on each count
and to assess a penalty on each count. *United States* v.
*T. & C. R. Co.*, 176 U. S. 242; *United States* v. *Pennsyl-
vania*, 175 U. S. 500; *School District* v. *Hall*, 106 U. S. 428.

*Mr. Assistant Attorney General Denison* for the United
States:

The question whether separate penalties are to be im-
posed for every employé who is worked over hours is ex-
clusively a question of construction of the statute in-
volved, and this statute clearly so intends. Hours of

Service Act, 34 Stat. 1415; Twenty-Eight-Hour Law, 34 Stat. 607; *Baltimore & Ohio R. R. Co.* v. *United States,* 220 U. S. 94; *Chicago &c. R. R. Co.* v. *People,* 82 Ill. App. 679; *Commonwealth* v. *Jay Cooke,* 50 Pa. St. 201; *O'Neil* v. *Vermont,* 144 U. S. 323; *People* v. *Spencer,* 201 N. Y. 105; *People* v. *New York Cent. R. Co.,* 13 N. Y. 78; *Southern Ry. Co.* v. *State,* 165 Indiana, 613; *United States* v. *Chicago &c. R. Co.,* 197 Fed. Rep. 624; *United States* v. *Denver & R. G. R. Co.,* 197 Fed. Rep. 629; *United States* v. *St. Louis S. W. R. Co.,* 184 Fed. Rep. 28; *United States* v. *Chicago G. W. Ry. Co.,* 162 Fed. Rep. 775.

The train crew in this case were "on duty," within the meaning of the act, 19 hours and 40 minutes. *United States* v. *C., M. & P. S. R. Co.,* 195 Fed. Rep. 625; *United States* v. *Denver & R. G. R. Co.,* 197 Fed. Rep. 629; *United States* v. *C., M. & P. S. R. Co.,* 195 Fed. Rep. 783; *United States* v. *Kan. City Ry. Co.,* 189 Fed. Rep. 471; *United States* v. *St. Louis S. W. R. Co.,* 189 Fed. Rep. 954; *United States* v. *Ill. Cent. Ry. Co.,* 180 Fed. Rep. 630.

The cause of the delay to train No. 404 was not within the exception. *Gleeson* v. *Virginia Midland R. Co.,* 140 U. S. 435; *The Majestic,* 166 U. S. 375; *United States* v. *Garbish,* 222 U. S. 257.

The size of the penalty (within the maximum) was a question for the court and not for the jury. *Atchison &c. Ry. Co.* v. *United States,* 178 Fed. Rep. 12; *Boyd* v. *United States,* 116 U. S. 616; *Chi., B. & Q. R. Co.* v. *United States,* 220 U. S. 559; *Hepner* v. *United States,* 213 U. S. 103; *Hines* v. *Darling,* 57 N. W. Rep. 1081; *Johnson* v. *So. Pac. Co.,* 196 U. S. 1; *Lees* v. *United States,* 150 U. S. 476; *Missouri, K. & T. Ry. Co.* v. *United States,* 178 Fed. Rep. 15; *McDaniel* v. *Gate City Co.,* 3 S. E. Rep. 693; *O'Connell* v. *O'Leary,* 145 Massachusetts, 311; *United States* v. *Zucker,* 161 U. S. 475; *United States* v. *Atlantic Coast Line,* 173 Fed. Rep. 764; *United States* v. *Southern Pacific Co.,* 162 Fed. Rep. 412; *United States* v. *Southern Pacific Co.,* 157

Fed. Rep. 459; *United States* v. *Boston & Albany R. Co.*, 15 Fed. Rep. 209.

MR. JUSTICE HOLMES delivered the opinion of the court.

This case brings up two suits that were consolidated and tried together, both being suits for penalties under the Hours of Service Act of March 4, 1907, c. 2939, 34 Stat. 1415, for keeping employés on duty for more than sixteen consecutive hours. The main question is whether, when several persons thus are kept beyond the proper time by reason of the same delay of a train, a separate penalty is incurred for each or only one for all. The Circuit Court of Appeals decided for the Government without discussion.

The petitioner cites many cases in favor of the proposition that generally, when one act has several consequences that the law seeks to prevent, the liability is attached to the act, and is but one. It argues that the delay of the train was such an act and that the principle, which is a very old one, applies. *Baltimore & Ohio Southwestern R. R. Co.* v. *United States*, 220 U. S. 94. But unless the statute requires a different view, to call the delay of the train the act that produced the wrong, is to beg the question. See *Memphis & Charleston R. R. Co.* v. *Reeves*, 10 Wall. 176. *Denny* v. *New York Central R. R. Co.*, 13 Gray, 481. The statute was not violated by the delay. That may have made keeping the men overtime more likely, but was not in itself wrongful conduct *quoad hoc*. The wrongful act was keeping an employé at work overtime, and that act was distinct as to each employé so kept. Without stopping to consider whether this argument would be met by the proviso declaring a 'delay' in certain cases not to be within the statute, it is enough to observe that there is nothing to hinder making each consequence a separate cause of action or offence, if by its proper construction the law does so; see *Flemister* v. *United States*, 207 U. S. 372,

375; so that the real question is simply what the statute means. The statute makes the carrier who permits 'any employé' to remain on duty in violation of its terms, liable to a penalty 'for each and every violation.' The implication of these words cannot be made much plainer by argument. But it may be observed as was said by the Government that as towards the public every overworked man presents a distinct danger, and as towards the employés each case of course is distinct. *United States* v. *St. Louis Southwestern Ry. Co.*, 184 Fed. Rep. 28; *People* v. *Spencer*, 201 N. Y. 105, 111.

One of the delays was while the engine was sent off for water and repairs. In the meantime the men were waiting, doing nothing. It is argued that they were not on duty during this period and that if it be deducted, they were not kept more than sixteen hours. But they were under orders, liable to be called upon at any moment, and not at liberty to go away. They were none the less on duty when inactive. Their duty was to stand and wait. *United States* v. *Chicago, M. & P. S. Ry. Co.*, 197 Fed. Rep. 624, 628; *United States* v. *Denver & R. G. R. Co.*, 197 Fed. Rep. 629.

It is urged that in one case the delay was the result of a cause, a defective injector, that was not known to the carrier, and could not have been foreseen when the employés left a terminal, and that therefore by the proviso in § 3 the act does not apply. But the question was raised only by a request to direct a verdict for the defendant and the trouble might have been found to be due to the scarcity and bad quality of the water, which was well known. See *Gleeson* v. *Virginia Midland Ry. Co.*, 140 U. S. 435. *The Majestic*, 166 U. S. 375, 386.

The statute provides for a penalty not to exceed five hundred dollars. It is argued that the amount of the penalty was for the jury, the proceeding being a civil suit. But the penalty is a deterrent not compensation. The

amount is not measured by the harm to the employés but by the fault of the carrier, and being punitive, rightly was determined by the judge. *United States* v. *Atlantic Coast Line R. Co.*, 173 Fed. Rep. 764, 771. *Atchison, Topeka & Santa Fe Ry. Co.* v. *United States*, 178 Fed. Rep. 12, 15.

*Judgment affirmed.*