UNITED STATES v. NORTHERN PAC. R. CO.

(District Court, E. D. Washington, N. D. April 21, 1914.)

No. 1483.

MASTER AND SERVANT (§ 13*)—STATUTORY REGULATIONS—HOURS OF SERVICE.

Under Act March 4, 1907, c. 2939, 34 Stat. 1415 (U. S. Comp. St. Supp. 1911, p. 1321), making it unlawful for any common carrier by railroad to require or permit any employé engaged in or connected with the movement of any train to remain on duty for longer than 16 consecutive hours, where the crew of a train were on duty for 17½ hours, except for a period of 1½ hours, during which the train, held to permit superior trains to meet and pass, was placed in charge of an engine foreman or switchman, and the crew was laid off or released from duty, this lay-off did not break the continuity of the service.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. § 13.*]

Action for penalties by the United States against the Northern Pacific Railway Company. Judgment for plaintiff.

Francis A. Garrecht, U. S. Atty., of Spokane, Wash., and Otis B. Kent, Sp. Asst. U. S. Atty., of Washington, D. C.

Edward J. Cannon, of Spokane, Wash., for defendant.

RUDKIN, District Judge. This is an action to recover penalties for violation of the Act of Congress of March 4, 1907, entitled "An act to promote the safety of employees and travelers upon railroads by limiting the hours of service of employees thereon" (34 Stat. 1415), commonly known as the "Hours of Service Act." The complaint contains six counts or causes of action in all, based upon excessive hours of service by the several members of the same train crew. The case has been submitted to the court upon an agreed statement of facts from which the following appears:

The defendant is a common carrier by railroad engaged in interstate commerce, and the several employés named in the different counts or causes of action were in the employ of the defendant, engaged in or in connection with the movement of its trains. On the 10th day of January, 1912, the engineer and fireman of engine No.

1507, hauling an east-bound extra freight train from Tacoma, Wash., to Cle Elum, Wash., went on duty at the hour of 5:30 a. m. and remained on duty until 11 p. m. of the same day. The conductor and the remaining members of the crew went on duty at the hour of 5 o'clock a. m. and remained on duty until the hour of 10:30 o'clock p. m. The schedule time out of Tacoma was 6 o'clock a. m.; but the departure of the train was delayed for 45 minutes by reason of a derailment in the yards. The train arrived at Auburn, 18 miles east of Tacoma, at 8:25 a. m., and was there held for a period of 1 hour and 30 minutes to permit superior trains to meet and pass. During this period of 1 hour and 30 minutes the train was placed in charge of an engine foreman or watchman at Auburn, and the train crew laid off or released from duty. If the lay-off of 1 hour and 30 minutes at Auburn be included in the hours of service of the crew, the law has been transgressed; but, if excluded, the time of actual service falls within the 16-hour period limited by law.

The sole question presented for decision is, therefore: Does a definite lay-off or release from duty for a period of 1 hour and 30 minutes, under the circumstances stated, break the continuity of the service within the meaning of the law? I am of the opinion that it does not. In the case of United States v. Chicago, Milwaukee & P. S. Ry. Co. (D. C.) 197 Fed. 624, I held that a lay-off of from 30 to 45 minutes for breakfast and of about 1 hour each for the midday and evening meals did not break the continuity of the service. I further held in the same case that an indefinite lay-off of 3 hours while the train crew was awaiting the arrival of a helper engine at a small way station did not break the continuity of the service. This decision was cited with apparent approval in the case of M., K. & T. Ry. Co. v. U. S., 231 U. S. 112, 34 Sup. Ct. 26, 58 L. Ed. ——. That case, it seems to me, is controlling here. The purpose of the statute is plain, and it must be so construed as to promote its policy. The hours of service of railway trainmen are long at best, leaving only 8 hours for rest and recreation, and if this brief period can be broken into fragments the purpose and policy of the law will be entirely frustrated. If a train crew may be laid off for an hour and a half at one point to suit the convenience or necessities of the company, it may be laid off for a like period at another, and the members of the crew thus wholly deprived of any substantial period for either sleep or rest. If this crew had not been released from duty at Auburn, the members would have been compelled to remain idle until the time of departure arrived, and the release for the brief period allowed by the company permitted them to do little else. The release was of no benefit to the crew, and could subserve no substantial purpose, except to obviate the penalty imposed by law. Perhaps it cannot be said as a matter of law in all cases whether a release from duty for a fixed period of time will or will not be sufficient to break the continuity of the service. No doubt in extreme cases the court may declare as a matter of law that a given period is so short as not to break the continuity of the service, or that another period is so long as to break the continuity of the service; but between these extremes there is a

twilight zone, where the question becomes a mixed one of law and fact.

This case, however, has been submitted to the court for decision, and whatever inferences are to be drawn from the admitted facts must be drawn by the court, and under the admitted facts I am of the opinion that the plain spirit and policy of the law has been violated. I therefore adjudge the defendant guilty on each count or cause of action, and impose a penalty of $100 and costs for each violation.

Let judgment be entered accordingly.