### UNITED STATES v. ATCHISON, T. & S. F. RY. CO.

(District Court, D. New Mexico. February 21, 1916.)

No. 349.

MASTER AND SERVANT ⬥⟝⟝13—STATUTORY REGULATION—HOURS OF SERVICE— NOON HOUR.

Under the Hours of Service Act (Act March 4, 1907, c. 2939, 34 Stat. 1415 [Comp. St. 1913, §§ 8677–8680]), the period of one hour at noon, given by a railroad company to its telegraph operator, during which he was required to leave the office and was not subject to call, except for emergencies, is not to be counted as part of the time he is engaged.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 14; Dec. Dig. ⬥⟝⟝13.]

At Law. Action by the United States against the Atchison, Topeka & Santa Fé Railway Company to recover penalties under the Hours of Service Act. On stipulation as to the facts, judgment ordered for the defendant.

Summers Burkhart, U. S. Atty., of Albuquerque, N. M.
W. C. Reid, of Roswell, N. M., for defendant.

POLLOCK, District Judge. Action brought by the government to recover penalties imposed under what is commonly known as the Hours of Service Act. The petition contains eight grounds. The

parties have stipulated the facts. Hence there remains for determination only the law of the case.

The first count charges a violation of the act by defendant in permitting its telegraph operator, H. H. Edwards, to remain on duty from 8 a. m. to 6 p. m. at the station of Las Cruces, this state, on April 1, 1915, or a period of one hour in excess of that provided by the statute. The stipulation, admitting formal and jurisdictional facts relating to said count, reads:

"That defendant, during the 24-hour period, beginning at the hour of 8 o'clock a. m. on April 1, 1915, at its office and station at Las Cruces, in the state of New Mexico, within the jurisdiction of this court, required and permitted its certain telegraph operator and employé, to wit, H. H. Edwards, to be and remain on duty in said 24-hour period as follows: From the hour of 8 o'clock a. m., on said date, to the hour of 12 o'clock noon, on said date, and from the hour of 1 o'clock p. m. to the hour of 6 o'clock p. m., on said date, said employé was required to use said telegraph or telephone for the purposes mentioned in paragraph 3 hereof. That during the one-hour period from 12 o'clock noon, on said date, to the hour of 1 o'clock p. m., on said date, said telegraph operator and employé was permitted and required to and did leave said office and station. That during said one-hour period said operator and employé was not subject to call by defendant company, except in case of emergency. That said time was absolutely his own, to do with as he saw fit, and that all or a part of said one-hour period was spent by said operator and employé in eating one of his regular meals."

It is thus seen the question presented is this: Did the break of one hour, from 12 m. to 1 p. m., at which time the employé of defendant was off duty and not subject to call, unless in case of an emergency, relieve defendant from liability for the penalty imposed by the act? The government contends to the contrary, and, in support of its position, relies upon United States v. Chicago & N. W. Ry. Co. (D. C.) 219 Fed. 342; United States v. Northern Pac. R. Co. (D. C.) 213 Fed. 539; Id. (in the appellate court) 220 Fed. 108, —— C. C. A. ——. On the other hand, defendant contends it is not liable under the stipulated facts, and relies upon United States v. Atchison, Topeka & S. F. Ry. Co., 220 U. S. 37, 31 Sup. Ct. 362, 55 L. Ed. 361, affirming 177 Fed. 114, 100 C. C. A. 534.

From a reading of the above-cited cases it appears, in those relied upon by the plaintiff, the release of the employé from duty was but temporary, he all the while remained subject to recall; whereas, in the case relied upon by defendant, the release from duty was absolute, except in case an emergency arose. Under the stipulated facts, although the station of Las Cruces was one continuously operated day and night, yet, as the operator was not by the company permitted to remain on duty more than 9 hours out of the 24, constituting a day, I am of the opinion that the principle involved and determined in the case of United States v. Atchison, T. & S. F. Ry. Co., supra, is not only determinable of the case at bar, but, having in mind the purpose of Congress in the enactment of the law, that purpose is better subserved by permitting an operator to work 9 hours out of 10, with 1 hour absolutely his own, except in cases of emergency, that he may take his meals, relax, and have recreation, than would be the case where he is permitted to work 9 continuous consecutive hours.

It follows, as the question presented as to each of the counts in the petition under the agreed facts is the same, judgment must go on each of the counts for defendant company. It is so ordered.