**FLEMING, Adm'r of Wage and Hour Division, U. S. Department of Labor, v. REX OIL & GAS CO.**

**Civil Action No. 163.**

District Court, W. D. Michigan, S. D.

Nov. 7, 1941.

Gerard D. Reilly and Irving J. Levy, both of Washington, D. C., and A. A. Cohen and Nicholas M. Spoke, U. S. Department of Labor, both of Cleveland, Ohio, for plaintiff.

Arthur W. Penny, of Muskegon, Mich., for defendant.

RAYMOND, District Judge.

■ 1. Notwithstanding the fact that defendant sold within the State of Michigan all of the oil which it produced, its employees were, during the period in question, engaged in the production of goods for interstate commerce within the meaning of the Fair Labor Standards Act because at the time said oil was produced defendant knew or had reason to believe that substantial portions of said oil and the products refined therefrom would move in interstate commerce. See United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 85 L.Ed. 609, 132 A.L.R. 1430.

2. Since the effective date of the Act, defendant has been in violation of Section 7 and 15(a) (2) of the Act, 29 U.S.C.A. §§ 207, 215(a) (2), by failing to pay, to its employees engaged in the production of goods for interstate commerce or who were engaged in occupations necessary thereto, the overtime rates prescribed by said Act for all hours worked in excess of the statutory number of hours set forth in the Act.

■ 3. For the purpose of determining overtime compensation due to oil pumpers

of defendant in accordance with the Act, there should be included as hours worked by such pumpers not only the hours that such pumpers were actually engaged in manual labor, but also such hours as they were charged by the terms of the understanding between them and the defendant, with substantial responsibility for the successful operation of the pumps under their charge; and including also the periods during which they were obliged to remain on or near the premises to enable them to carry such responsibility properly. See Missouri, K. & T. Ry. Co. v. United States, 231 U.S. 112, 34 S.Ct. 26, 58 L.Ed. 144.

4. The defendant, since the effective date of the Act, has been in violation of Sections 11(c) and 15(a) (5) of the Fair Labor Standards Act, 29 U.S.C.A. §§ 211 (c), 215(a) (5), by failing to keep the records of the wages and hours of its employees as required by said Act and by the regulations duly issued thereunder.

■ 5. The defendant has been in violation of Sections 7, 11(c), 15(a) (1), 15(a) (2) and 15(a) (5) of the Act, and an injunction as prayed for will be issued.