**SKIDMORE et al. v. SWIFT & CO.**

**Civ. No. 269.**

District Court, N. D. Texas, Fort Worth Division.

July 23, 1942.

Tommy Forbis and Dee Estes, both of Fort Worth, Tex., for plaintiff.

Thompson & Barwise, of Fort Worth, Tex., for defendant.

WILSON, District Judge.

This is a case under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. It is a suit for overtime, based on alleged night work. The facts are all stipulated. The defendant does a general packing business, purchasing, handling, slaughtering, dressing, processing, selling and distributing livestock in interstate commerce. The regular daytime work of plaintiffs, Dennis and Millican, was in general fire hall duties for the defendant which mainly consisted of keeping the fire hall and all fire fighting equipment, including the sprinkler system, in good condition, and answering fire calls. The regular daytime work of plaintiffs Skidmore, Rousey, Phennell, Hayes and Roark was running the defendant's elevators, but certain nights were required to stay in the fire hall and respond to such calls as came in. The practical effect was that plaintiffs alike took their

turn at sleeping at the fire hall certain nights out of the week, the time they were there and awake being spent pursuing whatever pleasurable pursuits, or personal duties, they cared for. At all of such times, however, they were subject to fire calls, for which they were paid per call, from the effective date of the Act up to January 1, 1940, 50 cents and thereafter at 64 cents. For their regular work they were paid weekly salaries, running from $27 to $29. The hours they were at regular work, the hours off for meals, off from regular duty, off nights at their homes, or wherever they wanted to be, the number of fire calls answered, what they were paid for them, and what each received each week, was all accurately kept and set forth in the stipulation. For their allotted time at the fire hall, they were required to be there. It was their duty as much as performing their regular work, only that, except for such emergency calls, which were few, they could spend their time, "talking, reading, bathing, dressing, shaving, sleeping, playing pool, dominoes, checkers and other games, listening to the radio".

Of course we know pursuing such pleasurable occupations or performing such personal chores does not constitute work. But does the fact they were subject to calls, though rare, make such hours, so spent, work hours under the Act for which overtime compensation is due them? That is the initial question. I do not think so. The Administrator's ruling on this subject strikes me as right: "In some cases employees are engaged in active work for part of the day but because of the nature of the job are also required to be on call for 24 hours a day. Thus, for example, a pumper of a stripper well often resides on the premises of his employer. The pumper engages in oiling the pump each day and doing any other necessary work around the well. In the event that the pump stops (at any time during the day or night) the pumper must start it up again. Similarly, caretakers, custodians, or watchmen of lumber camps during the off season when the camp is closed, live on the premises of the employer, have a regular routine of duty but are subject to call at any time in the event of an emergency. The fact that the employee makes his home at his employer's place of business in these cases does not mean that the employee is necessarily working 24 hours a day. In the ordinary course of events the employee has a normal night's sleep, has ample time in which to eat his meals, and has a certain amount of time for relaxation and entirely private pursuits. In some cases the employee may be free to come and go during certain periods. Thus, here again the facts may justify the conclusion that the employee is not working at all times during which he is subject to call in the event of an emergency, and a reasonable computation of working hours in the situation will be accepted by the Division." (Interpretative Bulletin No. 13, Paragraph 7, 2 Labor Law Service, page 32,402, Paragraph 32,113).

These authorities also are helpful: Cordell v. H. F. Wilcox Oil & Gas Company, D.C.N.D.Okl., Oct. 17, 1941, 206 Wage and Hour Reporter of November 3, 1941; Carlton v. London Mines & Milling Company, Dist. Ct. City and County of Denver, September 8, 1941, 4 Labor Cases Paragraph 60,699; Muldowney v. Seaberg Elevator Company, Inc., D.C., 39 F.Supp. 275.

Plaintiffs' counsel rely more upon the nightwatchman, police, and firemen cases, such as these: Fleming v. Swift & Co., D.C., 41 F.Supp. 825; Fleming v. Rex Oil Co., D.C.Mich., 43 F.Supp. 950; Campbell v. Superior Decalcominia Co., D.C., 31 F.Supp. 663; Missouri, K. & T. R. Co. v. United States, 231 U.S. 112, 34 S.Ct. 26, 58 L.Ed. 144; Chicago R. I. & P. Ry. Co. v. United States, 8 Cir., 253 F. 555; Travis v. Ray, D.C., 41 F.Supp. 6; Interpretative Bulletin of W & H Admr. #13, Par. 2, 4, 5, 6, 7.

Those cases do not control here. Of course it is often true that waiting time or even subject to call time should be treated as work, such as Missouri, K. & T. R. Co v. United States, supra, and other cases cited by plaintiffs.

This holding eliminates the necessity of passing on a number of other questions, some of them novel and interesting, among them, how the regular rate of pay of these men would have been arrived at, if I had allowed such call time as overtime.

For the reasons stated, I find for defendant. A judgment may be drawn for my signature.