BELL et al. v. PORTER et al.
No. 45C644.

District Court, N. D. Illinois, E. D.
May 10, 1946.

John P. Haley, of Joliet, Ill., and Samuel M. Lanoff and Edwin A. Halligan, both of Chicago, Ill., for plaintiffs.

John T. Chadwell, Richard M. Keck, and Howell B. Hardy, all of Chicago, Ill., for defendants.

BARNES, District Judge (after stating the facts as above).

It is conceded by the defendants that the plaintiffs, while working under the two-platoon system, were engaged in the production of goods for interstate commerce, and, accordingly, were entitled to the benefits of the Fair Labor Standards Act.

The only issue in the case is whether, under the Fair Labor Standards Act, the plaintiffs were entitled to compensation for the eight-hour period between 11:30 PM and 7:30 AM, the so-called sleeping period.

The statute under construction here, Title 29 U.S.C.A. § 207, provides:

"No employer shall * * * employ any of his employees who is engaged in commerce or in the production of goods for commerce—

* * * * * *

"(3) for a workweek longer than forty hours * * * unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

Title 29 U.S.C.A. § 203(g), says that " 'Employ' includes to suffer or permit to work." The statute thus applies only to "employees" and to "employment" in excess of the specified hours.

Were the plaintiffs employed by the defendants, that is, permitted to work, during the period between 11:30 PM and 7:30 AM? Defendants contend that the time spent by plaintiffs upon the premises of defendants during the period between 11:30 PM and 7:30 AM was predominantly for the benefit of the plaintiffs and was not working time for which plaintiffs are required to be compensated under the provisions of the Fair Labor Standards Act.

As stated above, plaintiffs were restricted to their fire stations, or within hailing distance thereof, during the entire 24-hour period. They clocked in and out but once in the 24 hours. Although substantially no active duties, other than to answer fire alarms, were assigned to them during the 11:30 PM to 7:30 AM period, they were, nevertheless, required to remain at the stations in instant readiness to answer fire alarms when called. They were under the control and direction of defendants as completely during the 11:30 PM to 7:30 AM period as during the other 16 hours. During the entire 24-hour period, when not on active duty, plaintiffs were required to and did hold themselves in instant readiness to serve when called. The court is of opinion that plaintiffs were employees of defendants in a stand-by capacity during the time they were in their bunks, as well as during the remaining 16 hours when they were not engaged in active assigned tasks. Whether they were called from sleep to active duty or from a card game to active duty made no difference. In Missouri K. & T. R. Co. v. U.S. 231 U.S. 112, 34 S.Ct. 26, 27, 58 L. Ed. 144, the court held that inactive time was to be included in applying a Federal statute prohibiting the keeping of employees of carriers on duty more than sixteen consecutive hours. Referring to certain delays, the court said:

"In the meantime the men were waiting, doing nothing. It is argued that they were not on duty during this period, and that if it be deducted, they were not kept more than sixteen hours. But they were under orders, liable to be called upon at any moment, and not at liberty to go away. They were none the less on duty when inactive. Their duty was to stand and wait."

In the recent case of Armour & Co. v. Wantock, 323 U.S. 126, 65 S.Ct. 165, 168, 89 L.Ed. 118, the court stated:

"Refraining from other activity often is a factor of instant readiness to serve, and idleness plays a part in all employments in a stand-by capacity. Readiness to serve may be hired, quite as much as service itself, and time spent lying in wait for threats to the safety of the employer's property may be treated by the parties as a benefit to the employer."

And in Skidmore v. Swift & Co., 323 U.S. 134, 136, 65 S.Ct. 161, 163, 89 L.Ed. 124, the court held:

" * * * We hold that no principle of law found either in the statute or in Court decisions precludes waiting time from also being working time."

The court is of the opinion that, under the circumstances of this case, the period from 11:30 PM to 7:30 AM was working time, and that the relation of employee and employer existed between the firemen and defendants during that period as well as during the preceding 16-hour period.

Defendants urge that because the so-called sleeping time of the firemen was rarely interrupted by emergency calls, such time was spent predominantly for the employee's benefit and was not working time under the provisions of the Fair Labor Standards Act.

As indicated in the above Statement of facts, plaintiffs have introduced much testi-

mony to show that the defendants furnished such inadequate, uncomfortable and noisy sleeping quarters that their sleep was constantly interrupted, and that defendants, on the other hand, introduced evidence to show that the sleeping quarters were adequate to permit a good night's sleep. Obviously, if plaintiffs were free to sleep elsewhere, they would not have chosen sleeping quarters similar to those furnished by defendants. But the court does not believe that, under the circumstances of this case, the determination of the question whether defendants furnished adequate sleeping accommodations for plaintiffs is of vital importance. Whether plaintiffs were called from a hard bunk or a soft one or from a quiet bed-chamber or a noisy one to answer a fire alarm at night made no more difference than it did whether they were called from a game of pinochle or a game of 7-up during the day. The firemen were on the premises at night predominantly for the benefit of the defendants, as an incident of the employment and as the only practical means for getting instant service in case of fire. The only benefit plaintiffs received from the time spent on the premises during the 11:30 PM to 7:30 AM period was the wages for the time spent when actually answering fire alarms, and, as the alarms were infrequent, their earnings were accordingly small.

The court is of opinion that the time during the so-called sleeping period was spent by the firemen predominantly for the benefit of the employer.

Defendants urge that the court should accept the interpretation of the Fair Labor Standards Act made by the Administrator of the Wage and Hour Division of the Department of Labor approving the two-platoon system. The court has considered such interpretation but cannot approve it. In Sidmore v. Swift & Co., 323 U.S. 134, 65 S.Ct. 161, the court said:

"Congress did not utilize the services of an administrative agency to find facts and to determine in the first instance whether particular cases fall within or without the Act. Instead, it put this responsibility on the courts."

Neither can the court be swayed by the suggestion that, if it finds for the plaintiffs, they will receive more than their services were reasonably worth. Congress has judged of the value of plaintiffs' services and the court has no power to interfere.

The court concludes that the eight-hour period between 11:30 PM and 7:30 AM constituted working time within the provisions of the Fair Labor Standards Act, and that plaintiffs are entitled to recover unpaid overtime compensation, liquidated damages, and attorneys' fees, by virtue thereof, for the period from February 27, 1944 to December 1, 1945.

The case may be set for further hearing on May 20, 1946, at 10 o'clock AM on the question of the value of plaintiffs' attorneys' services.

Counsel for the plaintiffs may prepare findings of fact, conclusions of law, and a judgment order not inconsistent with the views hereinabove expressed.