UNITED STATES of America, Appellant,

v.

MISSISSIPPI EXPORT RAILROAD COMPANY, Appellee.

No. 19960.

United States Court of Appeals Fifth Circuit.

Aug. 8, 1963.

Jack McDill, Asst. U. S. Atty., Robert E. Hauberg, U. S. Atty., Jackson, Miss., Jerry H. Opack, Atty., Dept. of Justice, Washington, D. C., Henry Hilzinger, Richard C. Davis, Attys., Interstate Commerce Commission, Washington, D. C., for appellant.

W. S. Murphy, Lucedale, Miss., for appellee.

Before HUTCHESON, RIVES and GEWIN, Circuit Judges.

RIVES, Circuit Judge.

The complaint seeks to recover the penalty prescribed by section 63 of Title 45 U.S.C.A.[1] for violation of section 62, which limits the hours of service of employees of common carriers by railroad.[2] It charges that the Railroad Company, "having required and permitted its certain fireman and employee, to wit: Frank Upton --------, to be and remain on duty as such upon its line of railroad at and between the stations of Moss Point -------- and Evanston, Mississippi --------, for sixteen hours in the aggregate during the twenty-four-hour period beginning at 8:00 o'clock p. m. on September 21, 1959, did then and there, to wit: at 7:30 p. m. on September 22, 1959, and within the jurisdiction of this court, require and permit said employee to remain and continue on duty as aforesaid until 3:45 o'clock a. m. on September 23, 1959, and when said employee had not had at least eight consecutive hours off duty as required by said provisions of said Code."

---

1. In pertinent part:
    "Any such common carrier, or any officer or agent thereof, requiring or permitting any employee to go, be, or remain on duty in violation of section 62 of this title shall be liable to a penalty of not less than $200 nor more than $500 for each and every violation, to be recovered in a suit or suits to be brought by the United States attorney in the district court of the United States having jurisdiction in the locality where such violations shall have been committed * * *."

2. In pertinent part:
    "It shall be unlawful for any common carrier, its officers, or agents, subject to sections 61–64 of this title to require or permit any employees subject to said sections to be or remain on duty for a longer period than sixteen consecutive hours, and whenever any such employee of such common carrier shall have been continuously on duty for sixteen hours he shall be relieved and not required or permitted again to go on duty until he has had at least ten consecutive hours off duty; and no such employee who has been on duty sixteen hours in the aggregate in any twenty-four-hour period shall be required or permitted to continue or again go on duty without having had at least eight consecutive hours off duty * * *." 45 U.S.C.A. § 62.

The following facts were not disputed. Upton went on duty as a fireman on a diesel locomotive on a freight train at 8:00 o'clock on the night of September 21, 1959, and remained on such duty until 3:30 A.M. on September 22, or for a period of seven and one-half (7½) hours. He was then off duty until 11:00 A.M. on September 22, at which time he went back on duty on a yard engine and remained continuously at work on the engine until 7:00 P.M. on the 22nd, a period of eight (8) hours. About an hour before Upton's release at 7:00 P.M., the trainmaster informed him that he would be expected to report back on duty at 8:00 P.M. He arrived at the yard office a few minutes before 8:00 P.M., was again assigned to the freight and worked continuously from 8:00 P.M. on September 22 to 3:45 A.M., September 23. Thus, during the twenty-four-hour period commencing at 8:00 P.M., September 21, Upton worked one shift of seven and one-half (7½) hours and another of eight (8) hours, totalling fifteen and one-half (15½) hours.

The issue narrows to whether the last one hour from 7:00 P.M. to 8:00 P.M. on the 22nd should be counted as on duty or off duty. If that hour is counted as on duty, then Upton was on duty sixteen and one-half (16½) hours in the aggregate in the twenty-four-hour period, and the Railroad Company violated section 62 by requiring or permitting him to continue or again go on duty at 8:00 P.M. on the 22nd without having had at least eight consecutive hours off duty. If that last one hour is counted as off duty, then Upton was on duty in the twenty-four-hour period only fifteen and one-half (15½) hours and the Railroad Company did not violate section 62.

█ Whether that one hour break in which Upton was not actually working should be counted as on duty or off duty depends upon whether it afforded a substantial and opportune period of rest under all the circumstances. Missouri, K. & T. R. Co. of Texas v. United States, 1913, 231 U.S. 112, 119, 34 S.Ct. 26, 58 L.Ed. 144; Northern Pacific Ry. Co. v. United States, 9 Cir., 1915, 220 F. 108, 110; United States v. Northern Pacific R. Co., E.D.Wash.1914, 213 F. 539; Southern Pacific Co. v. United States, 9 Cir., 1915, 222 F. 46, 52; Minneapolis & St. L. R. Co. v. United States, 8 Cir., 1917, 245 F. 60, 64; United States v. New York, N. H. & H. R. Co., 1 Cir., 1921, 274 F. 321, 325; United States v. Denver & R. G. R. Co., Dis.N.M., 1912, 197 F. 629, 632; United States v. Atchison, T. & S. F. R. Co., Dis.N.M., 1916, 232 F. 196; United States v. Pitcairn, E.D.Mo.1938, 23 F.Supp. 242; United States v. Pennsylvania R. Co., M.D.Penn.1949, 85 F. Supp. 556.

Telegraph operators come under a separate provision of section 62, which limits them to nine hours on duty in any twenty-four-hour period. The courts have approved as off duty a one-hour release for meals for operators under the circumstances of the particular case. United States v. New York, N. H. & H. R. Co., supra; United States v. Atchison, T. & S. F. Ry. Co., supra. Those cases are not controlling as to trainmen who may be required to work as much as sixteen hours in any twenty-four-hour period. As to trainmen, periods of 30 minutes to one hour (United States v. Chicago, M. & P. S. Ry. Co., supra), of 1½ hours (United States v. Pitcairn, supra), or even of 2 to 2½ hours (Minneapolis & St. L. R. Co. v. United States, supra) have been held insufficient to break the continuity of service.

Generally, the question of whether a release affords a substantial and opportune period of rest under all the circumstances, and hence whether the release is sufficient to break the continuity of service, viewed in light of the particular circumstances involved, is one of fact for the jury. Southern Pacific Co. v. United States, supra; Minneapolis & St. L. R. Co. v. United States, supra.

█ We think that it is clear that the district court erred in directing a verdict for the Railroad Company. The United States insists further that its motion for a directed verdict should have been granted. Under the authorities, and consider-

ing the purposes of the act, that insistence would have considerable weight if this case involved the ordinarily busy trainman. The employee here involved, however, was a fireman on a diesel locomotive. There was much testimony that actually he had nothing to do when he was on duty, and also testimony to the contrary. In the light of that evidence and of all of the other circumstances in the case, we think that a question of fact was presented for the jury's determination as to whether the one hour afforded a substantial and opportune period of rest.

The judgment is therefore reversed and the cause remanded.

Reversed and remanded.