**UNITED STATES of America**

**v.**

**PENNSYLVANIA RAILROAD COMPANY.**

**Civ. A. No. 66–687.**

United States District Court
W. D. Pennsylvania.
Aug. 13, 1967.

---

W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Wallace D. Stewart, Pittsburgh, Pa., for defendant.

## OPINION

ROSENBERG, District Judge.

This matter is submitted in the above entitled action on an Agreed Statement of Facts and Issues.

The Government, as plaintiff, filed a complaint setting forth five causes of action. The first two causes of action charged violations of 45 U.S.C. §§ 61–64, because of the defendant's permitting an engineer and a fireman to remain on duty for a longer period than sixteen consecutive hours on March 11, 1966.

The next three causes of action charge violations of § 1 to § 10 of 45 U.S.C., and an order issued pursuant thereto by the Interstate Commerce Commission dated May 1, 1958, Title 49 C.F.R. §§ 132.10 to 132.17, inclusive. These three causes of action charge the defendant with hauling or using cars on its line of railroad from Cresson, Pennsylvania to Altoona, Pennsylvania, when the airbrakes on such cars were out of adjustment, and that this occurred on April 20, 1966 and April 21, 1966.

The defendant filed an answer and an amended answer and partly admitted and partly denied the averments contained in the complaint. However, it did admit that judgment should be entered against it in the sum of $750.00 with the plaintiff's costs on the three causes of action charging violations of equipment safety regulations.

On March 11, 1966, Engineer C. A. McGonigle and Fireman F. F. Putt were ordered for their regular assignment on Helper Pool Job No. 9 and reported and signed the Employees Register at 3:45 A.M. They waited for instructions until 4:15 A.M. when these two, together with others, were ordered to depart in a taxi for Punxsutawney relief service on Train CRS-1. From 4:15 A.M. to 5:30 A.M., for a period of one hour and fifteen minutes, these employees were en route to McGees Mills, Pennsylvania. The next ten minutes were spent in getting instructions and the following five minutes were spent in getting to the engine by means of the taxi. At 5:45 A.M. employees, including Engineer McGonigle and Fireman Putt, got on the locomotive. The train arrived at 8:15 A.M. at Punxsutawney and remained at work until departure time at 2:26 P.M. At a point on the return trip to Cresson, Engineer McGonigle called the dispatcher at about 7:45 P.M. and informed him that his sixteen hours of duty had expired. The trainmaster issued instructions to continue to work. The engineer and fire-

man remained on duty until they went off duty in Cresson at 9:05 P.M.

The two issues which the defendant presents here are (1): Was the time spent by Engineer McGonigle and Fireman Putt, in going from Cresson to the helper engine, that is, from 4:15 A.M. until 5:45 A.M., on-duty time? And (2) What is the amount of penalty to which the defendant ought to be subjected?

■ Actually, the first issue as raised is no issue at all. For these men, while they moved from one place to another, did so under orders. They were at work and whether or not they operated an engine, or whether they rode in a taxi to be placed at some spot where the employer wanted them to operate a different engine is of no consequence. Their time was not their own. It was consumed in behalf of their employer at its direction and for its presumed benefit. Whatever the engineer and fireman did, whether they sat or stood, or rode in a taxi, was done by direction of the employer, or if it was done while they were waiting for orders, they were ready to perform as directed, and they were at work within the meaning of the statute. Missouri, Kansas & Texas Rd. Co. v. United States, 231 U.S. 112, 34 S.Ct. 26, 58 L.Ed. 144.

■ The unassailable fact is they were permitted no time for rest or relaxation. I cannot find that by riding in a taxi they are more at rest than they would be if riding in the locomotive which they would be operating under the circumstances as here set forth. This was not free time. Free time for an employee is that time which is allotted to an employee and which he knows is such as will not permit his being disturbed from his own inclination either for activity or relaxation, as the case may be. United States v. Pitcairn, 23 F.Supp. 242 (D.C.Mo., 1938). Thus, if the employee were employed between certain hours and permitted specific hours in which he could not be called, it might then be contended that these hours were his own and not the company's. But this was not the case here. The time used for the

taxi ride did not belong to the employee; it belonged to his employer, and as such was calculable in the period of employment commencing with 3:45 A.M. until 9:05 P.M.

■ The time necessarily required by the carrier for the preparation of train service or in getting their employees within their hours of labor to assigned places by any means must be considered as time on duty under the provisions contained in §§ 61–64 of Title 45 U.S.C. United States v. Detroit, T. & I. Rd. Co., 205 F.Supp. 860 (D.C.Mich., 1962), reversed on other grounds, 315 F.2d 802 (6 Cir.).

Judgment will therefore be entered in behalf of the plaintiff and against the defendant as to Causes of Action 1 and 2. Since the remaining three causes of action have been admitted and not argued, judgment will be entered in behalf of the plaintiff and against the defendant.

■ In arriving at the amount of penalty to be imposed, we take into consideration that the purpose of this section which limits the hours that an employee of a carrier may be required to be on duty was to prevent physical exertion and strain by excessive hours spent on duty, as well as for the purpose of promoting safety on railroads for the passengers. United States v. Great Northern Ry. Co., 248 F.Supp. 88 (D.C.Minn., 1964).

The defendant presents nothing to extenuate the circumstances in its favor. Supervision in railroad operation and of employees so as to prevent or obviate carelessness and negligence such as that which appears in these circumstances must always be the concern of the carrier. It is for such reasons that Congress has provided for the imposition of penalties in order to keep the carrier alert to its duties.

■ Based upon the evidence in this case, judgment will be entered in the sum of $250.00 for each of the five Causes of Action, or for a total of $1250.00, together with the costs.