# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued November 5, 2009         Decided April 16, 2010

No. 09-1053

NATIONAL ASSOCIATION OF HOME BUILDERS, ET AL.,
PETITIONERS

v.

OCCUPATIONAL SAFETY & HEALTH ADMINISTRATION AND
DEPARTMENT OF LABOR,
RESPONDENTS

On Petition for Review of a Final Rule
of the Occupational Safety & Health Administration

*Arthur G. Sapper* argued the cause for petitioners. With him on the briefs were *James A. Lastowka*, *Duane J. Desiderio*, *Robin S. Conrad*, and *Quentin Riegel*.

*Ronald J. Gottlieb*, Attorney, U.S. Department of Labor, argued the cause for respondents. With him on the brief were *Carol A. De Deo*, Deputy Solicitor, *Joseph M. Woodward*, Associate Solicitor, and *Michael P. Doyle*, Attorney. *Charles F. James*, Attorney, U.S. Department of Labor, entered an appearance.

*Victoria L. Bor* argued the cause for *amici curiae* AFL-CIO and Building and Construction Trades Department, AFL-CIO in

support of respondent. With her on the brief were *Jonathan Hiatt* and *Lynn K. Rhinehart*.

Before: TATEL and KAVANAUGH, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*: A driver exceeding the speed limit runs a red light and swerves onto the opposite lane. Three violations of the law against reckless driving or one? Five punches to a victim's face without provocation. One battery or five? Same result if the punches were hours apart? The financial officer of a corporation with 10,000 shareholders submits a false report to the Securities and Exchange Commission. One fraud or 10,000? These "unit-of-prosecution" questions have vexed state and federal courts. The questions are important. Prosecutors know that multiple charges encourage plea agreements and convictions. Defense attorneys know that it is easier to defend against one charge than many. Most people know that multiple offenses can result in multiple punishments.

Similar problems have dogged civil enforcement proceedings. *See, e.g., Missouri, Kansas & Texas Ry. Co. v. United States*, 231 U.S. 112 (1913) (Holmes, J.). In this case, the Secretary of Labor amended rules under the Occupational Safety and Health Act to clarify that an employer's failure to provide respirators or workplace training constitutes not one violation of the applicable health and safety standards, but separate violations for each employee who did not receive the respirator or training. *See, e.g.,* 29 C.F.R. § 1910.9(a), (b). Three trade associations whose members are subject to these

amended rules claim the Secretary had no statutory authority to issue the amendments.

The Secretary promulgates workplace "standards." 29 U.S.C. § 655(b). A standard "requires conditions, or the adoption or use of one or more practices, means, methods, operations, or processes, reasonably necessary or appropriate to provide safe or healthful employment and places of employment." *Id.* § 652(8). When the Secretary discovers that an employer has violated a standard, she may issue a citation and propose a financial penalty. *Id.* §§ 658(a), 659(a). Penalties vary with the severity of the violation: up to $7,000 for serious and other-than-serious violations, up to $70,000 for repeat violations, and between $5,000 and $70,000 for willful violations. *Id.* § 666(a)-(c).

The Occupational Safety and Health Review Commission, an independent tribunal, hears employer objections to the Secretary's citations. *See Martin v. Occupational Safety & Health Review Comm'n,* 499 U.S. 144, 147-48 (1991). The Commission "act[s] as a neutral arbiter and determine[s] whether the Secretary's citations should be enforced." *Cuyahoga Valley Ry. Co. v. Utd. Transp. Union*, 474 U.S. 3, 7 (1985). The Commission accepts the Secretary's reasonable interpretation of regulations. *Martin*, 499 U.S. at 154-55. Within the range of fines listed above, the Commission determines the penalty amount *de novo* in light of the size of the employer's business, the gravity of the violation, the employer's good faith, and any history of repeated violations. 29 U.S.C. § 666(j).

The rulemaking here came in response to the Commission's decision in *Erik K. Ho*, 2003 WL 22232014 (O.S.H.R.C.), *aff'd, partly on other grounds, Chao v. Occupational Safety & Health Review Comm'n*, 401 F.3d 355 (5th Cir. 2005). Ho hired eleven

workers to renovate a building containing asbestos. He failed to train them or to provide them with respirators. The Secretary cited Ho for eleven violations of the asbestos training standard and eleven violations of the respirator standard. The Commission rejected the Secretary's employee-by-employee approach and held that the standards required the employer to institute a single training program and to provide respirators to employees as a group. Thus only two violations occurred. The Commission added: "The Secretary has it within her authority to draft standards . . . [which] prescribe individual units of prosecution or penalty units, placing the regulated community on notice that violations can be cited on an individualized basis. . . . When a regulation fails [to provide sufficient notice], the Secretary should remedy the situation by promulgating a clearer regulation . . . ." *Ho*, 2003 WL 22232014, at *17 (internal quotation marks omitted).

The Secretary's new rules clarified that "each failure to provide [a respirator] to an employee" and "each failure to train an employee may be considered a separate violation." 29 C.F.R. § 1926.20(f). The rulemaking amended thirty-three other standards to the same effect. *See Clarification of Employer Duty to Provide Personal Protective Equipment and Train Each Employee*, 73 Fed. Reg. 75,568, 75,583-89 (Dec. 12, 2008) (codified at 29 C.F.R. parts 1910, 1915, 1917, 1918 and 1926). Although the new rules authorize employee-by-employee charges, the Secretary's Field Operations Manual states that generally only a single citation will issue for each standard an employer violates. Only when the employer's behavior is willful and egregious does the manual contemplate multiple citations. OSHA Instruction CPL 2.80, Handling of Cases To Be Proposed for Violation-By-Violation Penalties (October 21, 1990); *see Kaspar Wire Works, Inc. v. Sec'y of Labor,* 268 F.3d 1123, 1131 (D.C. Cir. 2001).

Petitioners have one basic argument, which they repeat in many different forms. The argument is that under the Act, the Secretary had no authority to specify units of prosecution because Congress assigned such determinations to the Commission. We think there is nothing to the argument.

The unit of prosecution is derived from the duty set forth in the Secretary's standard. *See, e.g., Chao*, 401 F.3d at 372-73; *E. Smalis Painting Co.*, 2009 WL 1067815, at \*35 (O.S.H.R.C.); *Ho*, 2003 WL 22232014, at \*12; *Arcadian Corp.*, 1995 WL 17049978, at \*6 (O.S.H.R.C.). Petitioners themselves acknowledge as much. *See* Reply Br. for Petitioners at 17. They have no problem with a standard that can be interpreted to permit per-employee citations so long as the standard does not come right out and deal directly with the subject. Why then do they suppose that the Act requires the Secretary to formulate standards without regard to how the Commission (and the courts) will construe the Secretary's language in terms of units of prosecution? They have no good answer.

Petitioners fail to recognize that to define the violation is to define the unit of prosecution. In the criminal law this basic proposition has long been established. *See, e.g., Crepps v. Durden*, (1777) 98 Eng. Rep. 1283, 1288 (K.B.) (Mansfield, J.); *In re Snow*, 120 U.S. 274, 281-85 (1887). The responsibility for specifying the unit of prosecution is therefore the legislature's, not the judiciary's. *See, e.g., Badders v. United States*, 240 U.S. 391, 394 (1916); *In re Snow*, 120 U.S. at 281-82. The same is true in civil enforcement actions. As Justice Holmes wrote in a civil case raising a unit-of-prosecution issue, "the real question is simply what the statute means." *Missouri, Kansas & Texas Ry.*, 231 U.S. at 119. Here we are concerned not with statutory violations, but violations of the Secretary's standards. In that respect, the Secretary stands in the shoes of the legislature. And so petitioners' argument evaporates. In giving the Secretary the

authority to define what constitutes a violation, *see* 29 U.S.C. §§ 654(a)(2), 655(b), the Act necessarily gave the Secretary the authority to define the unit of prosecution.

*Reich v. Arcadian Corporation*, 110 F.3d 1192 (5th Cir. 1997), on which petitioners rely, did not involve standards promulgated by the Secretary. The court's statement – "the Secretary *cannot* set a unit of prosecution because, in most cases, a unit of prosecution has nothing to do with employment or workplace practices or conditions" – was dictum and we do not agree with it. *Id.* at 1198. The court did not take into account the fact that the Secretary's standards already set units of prosecution: in determining whether per-employee violations have occurred, the Commission and the courts analyze the subject and language of the Secretary's standard. *See, e.g., Chao*, 401 F.3d at 372-73. In addition, the Fifth Circuit went on to acknowledge that certain conditions are unique to employees and could justify per-employee charges; as an example the court mentioned employee training. *Reich*, 110 F.3d at 1198-99.

Petitioners insist that the Commission alone has the responsibility to determine units of prosecution because, under 29 U.S.C. § 666(j), the assessment of penalties is the Commission's exclusive domain. This is like saying that in a criminal case the court – not the legislature – defines the unit of prosecution because the court has exclusive authority to determine the punishment. That of course is not the law. *See, e.g., Sanabria v. United States*, 437 U.S. 54, 69-70 (1978); *Bell v. United States*, 349 U.S. 81, 82-83 (1955); *United States v. Anderson*, 509 F.2d 312, 332 (D.C. Cir. 1974). The Commission does not agree with petitioners: in *Ho* it invited the Secretary to define more precisely the unit of prosecution for violations of training and respirator standards. 2003 WL 22232014, at *17. In addition we recognized in *Kaspar Wire Works* that setting units of prosecution rests on policy

judgments. 268 F.3d at 1131. Yet "Congress designed the Commission to be a 'neutral arbiter' possessing 'the type of nonpolicymaking adjudicatory powers typically exercised by a *court* in the agency-review context.'" *S.G. Loewendick & Sons, Inc. v. Reich*, 70 F.3d 1291, 1294 (D.C. Cir. 1995) (quoting *Martin,* 499 U.S. at 154-55).

One final point deserves mention. Petitioners claim that we owe deference only to the Secretary's interpretation of her own regulations, not to her interpretation of the Act. Circuit precedent is otherwise. *See Wal-Mart Stores, Inc. v. Sec'y of Labor*, 406 F.3d 731, 734 (D.C. Cir. 2005); *A.E. Staley Mfg. Co. v. Sec'y of Labor*, 295 F.3d 1341, 1351 (D.C. Cir. 2002); *Kaspar Wire Works*, 268 F.3d at 1131; *Anthony Crane Rental, Inc. v. Reich*, 70 F.3d 1298, 1302 (D.C. Cir. 1995). Even so, they say that no deference is due here because Congress never delegated authority to the Secretary to determine units of prosecution. For the reasons stated above we hold that Congress did confer this authority on the Secretary.

The petition for judicial review is therefore denied.

*So ordered.*